FILED
United States Court of Appeals
Tenth Circuit

May 13, 2019

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

WENDY REYES LOPEZ; WENDY
NICOLE REYES LOPEZ,

    Petitioners,

v.

WILLIAM P. BARR, United States
Attorney General,*

    Respondent.

No. 18-9548
(Petition for Review)

_____

## ORDER AND JUDGMENT**
_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.
_____

Wendy Reyes Lopez and her minor daughter, Wendy Nicole Reyes Lopez, are

natives and citizens of Mexico. They petition for review of an order by the Board of

Immigration Appeals (BIA) affirming a decision by the Immigration Judge (IJ)

---

   * In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, William P. Barr is substituted for Jefferson B. Sessions, III, as the
respondent in this action.

   ** After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

## BACKGROUND

Lopez and her daughter applied for admission into the United States from Mexico at a port-of-entry on or about June 11, 2014, without valid visas or other entry documents as required by the Immigration and Nationality Act (INA). *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). The Department of Homeland Security placed them in removal proceedings, and Lopez conceded she and her daughter were removable as charged at a hearing before an IJ. Lopez timely filed an application for asylum, withholding of removal, and protection under the CAT, including her daughter as a derivative applicant.

An IJ held a hearing on Lopez's application on June 20, 2017. At the hearing, Lopez testified that she left Mexico because she was afraid of the crime and violence there, but that she and her daughter had not been personally harmed or threatened before entering the United States. She further testified she feared returning to Mexico because of threats she received after coming to the United States. These threats were made by Raul Antonio Chavez Bejar (Chavez), her sister Geraldine's former partner, after Lopez helped her sister and niece, Chavez's daughter, escape his physical abuse by giving them shelter after they sought asylum in the United States. Lopez testified Chavez threatened Lopez's mother in Mexico and told her he would

harm Lopez, her husband, and her daughter if they returned to Mexico.[1]  Lopez also

stated Chavez sent her a single threatening text in July 2014, approximately three

years before the asylum hearing.  Lopez testified that Chavez was involved in illegal

activities in Mexico and might be a cartel member.  In her application, she alleged

further that Chavez was a drug trafficker who had access to weapons and associates

who would do whatever he ordered.

The IJ found Lopez's testimony credible, but concluded she had not carried

her burden of proving she was eligible for asylum, withholding of removal, or

protection under CAT.  He therefore denied her application and ordered Lopez and

her daughter removed to Mexico.  The BIA dismissed Lopez's appeal of this

decision, and Lopez timely petitioned for review of the BIA's decision.  We denied

her request for stay of removal pending our review of her petition.

## DISCUSSION

### A.  Standard of Review

The BIA affirmed the IJ's decision in a brief order issued by a single judge.  In

this circumstance, "we review the BIA's decision as the final agency determination

and limit our review to issues specifically addressed therein."  *Diallo v. Gonzales*,

447 F.3d 1274, 1279 (10th Cir. 2006).  "However, when seeking to understand the

grounds provided by the BIA, we are not precluded from consulting the IJ's more

complete explanation of those same grounds."  *Uanreroro v. Gonzales*, 443 F.3d 1197,

---

[1]  Lopez testified her husband entered the United States several months before
she did.

1204 (10th Cir. 2006). "We review the BIA's legal determinations de novo, and its findings of fact under a substantial-evidence standard." *Niang v. Gonzales*, 422 F.3d 1187, 1196 (10th Cir. 2005). Under the substantial-evidence standard, "[t]he BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. (internal quotation marks omitted).

## B. Asylum and Withholding of Removal[2]

Lopez had the burden of proving she was eligible for asylum or withholding of removal. *See Rodas-Orellana v. Holder*, 780 F.3d 982, 986 (10th Cir. 2015). To be eligible for asylum, Lopez was required to prove she qualifies as a refugee under the INA, meaning she had to establish that she is unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see Rodas-Orellana*, 780 F.3d at 986. To be eligible for withholding of removal, Lopez was required to prove a "clear probability of persecution on account of" one of these grounds. *Rodas-Orellana*, 780 F.3d at 987 (internal quotation marks omitted). The burden of proof is higher for withholding of removal than for asylum, therefore "[f]ailure to

---

[2] Lopez did not present argument in her opening brief challenging the denial of her application for protection under the CAT. She thereby forfeited appellate review of this issue. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

meet the burden of proof for an asylum claim necessarily forecloses meeting the burden for a withholding claim." *Id.* at 986-87.

The BIA affirmed the IJ's denial of Lopez's applications for asylum and withholding of removal because it found no clear error in the IJ's factual findings that Lopez had failed to demonstrate past persecution or a nexus between one of the statutorily protected grounds and her fear of future harm if she returns to Mexico. In her petition, Lopez challenges only the latter finding, arguing she is a member of a particular social group, the Reyes-Lopez family, and that Chavez's threats to harm her if she returns to Mexico were on account of her membership in this group.[3]

Consistent with BIA precedent, neither the BIA nor the IJ disputed that the Reyes-Lopez family could constitute a particular social group under the INA. *See Matter of L-E-A*, 27 I & N. Dec. 40, 42-43 (BIA 2017) (holding that an immediate family constitutes a particular social group and that other family-based groups may qualify as well); *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985) (stating that "kinship ties" is a common, immutable characteristic that can define a particular social group), *modified on other grounds*, *Matter of Mogharrabi*, 19 I. & N.

---

[3] Lopez did not argue in her opening brief that her fear of general violence in Mexico supports her asylum claim and did not raise this issue in her appeal before the BIA. Accordingly, we do not consider this issue. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1236-37 (10th Cir. 2010) (holding petitioner must "present the *same specific legal theory* to the BIA before he or she may advance it in court"); *Bronson*, 500 F.3d at 1104 (stating appellant generally forfeits review of issue not raised in opening brief).

Dec. 439, 441 (BIA 1987).[4]  But "[a]n asylum applicant's membership in a family-based particular social group does not necessarily mean that any harm inflicted or threatened by the persecutor is because of, or on account of, the family membership." *L-E-A-*, 27 I. & N. Dec. at 43; *see Marin-Portillo v. Lynch*, 834 F.3d 99, 102 (1st Cir. 2016) ("The mere fact that [the persecutor] exclusively targeted members of [the applicant's] family does not . . . mean that the only logical inference is that kinship ties, rather than [another motive], prompted [the persecutor's] threats." (internal quotation marks omitted)).

For future persecution to be "on account of" a protected ground, such as membership in a particular social group, the "protected ground must be 'at least one central reason for persecuting the applicant.'" *Rodas-Orellana*, 780 F.3d at 996 (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).  Thus, assuming the Reyes-Lopez family is a particular social group, Lopez was required to show that her family membership was a central reason for Chavez's threat of future harm against her.  To meet this test, Lopez had to show her family membership was not "incidental, tangential, superficial, or

---

[4]  According to our sister circuits, "every circuit to have considered the question has held that family ties can provide a basis for asylum." *Crespin-Valladares v. Holder*, 632 F.3d 117, 125 (4th Cir. 2011); *see Ayele v. Holder*, 564 F.3d 862, 869 (7th Cir. 2009) ("Our circuit recognizes a family as a cognizable social group under the INA, as do our sister circuits." (internal citations omitted)); *see also Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015) ("Even under th[e BIA's] refined framework, the family remains the quintessential particular social group."); *Gebremichael v. INS*, 10 F.3d 28, 36 (1st Cir. 1993) ("There can, in fact, be no plainer example of a social group based on common, identifiable and immutable characteristics than that of the nuclear family."). But we have not yet definitively addressed this question, and need not do so to decide Lopez's petition.

subordinate to another reason for [this] harm" *Dallakoti v. Holder*, 619 F.3d 1264, 1268 (10th Cir. 2010) (internal quotation marks omitted).

The IJ found, and the BIA affirmed, that Lopez had not presented sufficient evidence that Chavez's interest in harming her was on account of her family membership. Instead, the IJ found Chavez threatened Lopez because she had helped her sister and niece escape him by taking them in when they came to the United States. And while noting the family relationship between Lopez and her sister, the IJ essentially found it was incidental to Chavez's motive, because there was no evidence Chavez would only threaten family members who had helped his former partner leave him, as opposed to anyone who had helped her.

We must affirm this factual finding unless the record compels the conclusion that Lopez's membership in her sister's family was a central reason for the harm she fears Chavez will inflict on her if she returns to Mexico. *See* 8 U.S.C. § 1252(b)(4)(B); *Niang*, 422 F.3d at 1196. Lopez does not point to anything in the record that compels this conclusion, arguing instead that the Ninth Circuit's decision in *Bhasin v. Gonzales*, 423 F.3d 977 (9th Cir. 2005), demonstrates the BIA erred in its nexus determination. We disagree, because the applicant's evidence of nexus between family membership and the threatened future harm in *Bhasin* was far greater than what Lopez presented here.

In *Bhasin*, the Ninth Circuit considered, in the context of reviewing the BIA's denial of a motion to reopen an application for asylum and withholding of removal, whether the applicant's new and previously presented evidence, considered together,

established prima facie eligibility for relief. *Id.* at 984. The court found the combined evidence met this standard because it demonstrated the applicant had a well-founded fear of persecution on account of her membership in a familial social group. *Id.* at 985. This conclusion was based on evidence that the applicant and her family had been targeted by an extremist group because of actions by her eldest son, that members of the group had kidnapped and beaten her and told her on multiple occasions that they were going to eliminate her and each member of her family, that other family members had received similar threats, and that the applicant's eldest son, another son, two daughters, and a son-in-law had all disappeared without explanation since the threats were issued. *See id.* There is no evidence of this sort in this case.[5]

Having carefully examined the record, we cannot say that Lopez's testimony and other evidence would compel any reasonable factfinder to find that her familial membership was a central reason for the future harm threatened by Chavez. Accordingly, we conclude that substantial evidence supports the IJ's finding, as affirmed by the BIA, that Lopez's fear of future persecution was not on account of her family membership and that she therefore was not eligible for asylum. And having failed to demonstrate her eligibility for asylum, Lopez also necessarily failed

---

[5] Lopez also suggests she is eligible for asylum because her sister's application for asylum premised on Chavez's abuse was granted. But her sister's application was approved based on her membership in a particular social group that does not include Lopez or other family members. *See* R. at 50 (finding sister had been persecuted on account of her membership in the particular social group of "Mexican women who are unable to leave their domestic relationship").

to carry her burden of proving eligibility for withholding of removal. *See*

*Rodas-Orellana*, 780 F.3d at 987.

## CONCLUSION

For the foregoing reasons, we deny the petition for review.

Entered for the Court

Monroe G. McKay
Circuit Judge